IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LODESTAR ANSTALT,
a Liechtenstein Corporation

       Plaintiff,

vs.

ROUTE 66 JUNKYARD BREWERY,
a New Mexico Limited Liability Company,

       Defendant.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff Lodestar Anstalt ("Lodestar" or "Plaintiff") by and through its attorneys, asserts this Complaint For Damages and Injunctive Relief ("Complaint") against Defendant Route 66 Junkyard Brewery LLC ("Junkyard Brewery") as set forth below, and alleges as follows:

**THE PARTIES**

1. Lodestar is a Liechtenstein Corporation with its principal place of business in Cypress.

2. On information and belief, Junkyard Brewery is a New Mexico company with its principal place of business in Grants, New Mexico.

**JURISDICTION AND VENUE**

3. This is an action for the infringement of one or more federally registered trademarks under the Lanham Act, 15 U.S.C. § 1114 et seq., unfair competition under the Lanham Act, 15 U.S.C. § 1125 et seq, New Mexico statutory trademark dilution, and New Mexico common law trademark infringement.

1

4.      This Court has jurisdiction over the subject matter of this lawsuit pursuant to, inter alia, 28 U.S.C. §§ 1331 and 1338(a).  The state law claims in this action arise from the same common nucleus of operative facts and transactions, such that they form part of the same case or controversy and a plaintiff would ordinarily be expected to try them all in a single judicial proceeding.  Accordingly, this Court has supplemental jurisdiction over Lodestar's state law claims pursuant to 28 U.S.C. § 1367.

5.      This Court has personal jurisdiction over Junkyard Brewery because it conducts or has conducted business as well as advertised and promoted goods and/or services for beers under the Route 66 Mark(s) within the State of New Mexico and within this judicial district, and the effects of those acts have been felt in this judicial district.

6.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) as the District of New Mexico is the district in which the Defendant resides.  Venue also is proper in this judicial district under 28 U.S.C. § 1391(b)(2) as the District of New Mexico is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

**FACTUAL BACKGROUND**

**Lodestar's Development and Use of the ROUTE 66 Marks**

7.      Lodestar is the owner of United States Trademark Registration No. 4,254,249 for ROUTE 66 for beers in International Class 32 (the "'249 Mark").  This registration has a priority date of April 6, 2009, and has a registration date of December 4, 2012.  This registration, duly and legally issued by the United States Patent and Trademark Office, is valid and subsisting. Lodestar uses the notice of registration, "®," with its '249 Mark pursuant to 15 U.S.C. § 1111. Attached as Exhibit A is a copy of the Registration for the '249 Mark.

8.      Lodestar is the owner of United States Trademark Registration No. 4,574,193 for ROUTE 66 and design for beers in International Class 32 (the "'193 Mark").  This registration

has a priority date of November 21, 2011, and has a registration date of July 29, 2014. This registration, duly and legally issued by the United States Patent and Trademark Office, is valid and subsisting. Lodestar uses the notice of registration "®," with its '193 Mark pursuant to 15 U.S.C. § 1111. Attached as Exhibit B is a copy of the Registration for the '193 Mark.

9. Lodestar is the owner of United States Trademark Registration No. 4,442,767 for ROUTE 66 and design for beers, among other beverages and products in International Class 32 (the "'767 Mark" or the "ROUTE 66 Shield Mark"). This registration has a priority date of February 22, 2013 and has a registration date of December 3, 2013. This registration, duly and legally issued by the United States Patent and Trademark Office, is valid and subsisting. Lodestar uses the notice of registration "®," with its '767 Mark pursuant to 15 U.S.C. § 1111. Attached as Exhibit C is a copy of the Registration for the '767 Mark.

10. Lodestar is the owner of United States Trademark Registration No. 3,401,675 for ROUTE 66 COOLED BY REFRIGERATION for beers, among other beverages and products in International Class 32 (the "'675 Mark"). This registration has a priority date of February 20, 2002 and has a registration date of March 25, 2008. This registration, duly and legally issued by the United States Patent and Trademark Office, is valid and subsisting. Lodestar uses the notice of registration "®," with its '675 Mark pursuant to 15 U.S.C. § 1111. Attached as Exhibit D is a copy of the Registration for the '675 Mark.

11. The '249 Mark, the '193 Mark, the '767 Mark and the '675 Mark are referred to collectively as the "ROUTE 66 Marks".

12. Lodestar's ROUTE 66 Marks include both standard character marks for ROUTE 66, and also the iconic ROUTE 66 shield as displayed below:



13.     Lodestar manufactures and distributes an India pale ale lager blend of beer under the ROUTE 66 Marks.  Lodestar prominently uses the ROUTE 66 Marks in advertising this beer including on its website, http://www.route66beer.com/

14.     Lodestar's continuous use of the ROUTE 66's Marks and commitment to quality has generated a significant amount of goodwill in the ROUTE 66 Marks, and an association of the ROUTE 66 Marks with Lodestar in the mind of the relevant consuming public.

### Junkyard Brewery's Infringing Use of the Mark

15.     On information and belief, Junkyard Brewery opened on July 1, 2016  in what was a former junkyard.

16.     On information and belief, Junkyard Brewery adopted a mark that includes in whole not only the words ROUTE 66, but Lodestar's ROUTE 66 Shield Mark as well.

17.     The Lodestar's ROUTE 66 Shield Mark and the words ROUTE 66 are the dominant portions of Junkyard Brewery's mark:

     

Lodestar's ROUTE 66 Shield Mark                    Junkyard Brewery's Infringing Mark

4

18. On information and belief, Junkyard Brewery brews and serves beer under its infringing mark, including a pale ale.

19. On September 21, 2016, counsel for Lodestar sent Junkyard Brewery a cease and desist letter, demanding that it cease its infringing use of the ROUTE 66 Marks.

20. As of the date of this complaint, Junkyard Brewery never responded. Lodestar, who continues to be injured from Junkyard Brewery's infringement of its ROUTE 66 Marks, was forced to file this lawsuit.

## COUNT I

**(Trademark Infringement of a Registered Trademark Under the Lanham Act 15 U.S.C. § 1114)**

21. Lodestar repeats and realleges the allegations of paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22. The above-cited acts by Junkyard Brewery constitute trademark infringement in violation of 15 U.S.C. § 1114.

23. Lodestar has been damaged by Junkyard Brewery's trademark infringement by reason of the likelihood that customers, potential customers, businesses, retailers, and distributors are likely to be confused as to the source or affiliation, sponsorship or approval of Junkyard Brewery and/or Lodestar's products and services.

24. By reason of Junkyard Brewery's actions alleged herein, Lodestar has suffered irreparable injury to its goodwill. This harm constitutes an injury for which Lodestar has no adequate remedy at law.

25. On information and belief, Junkyard Brewery's acts of trademark infringement have been willful and taken without regard to the established rights of Lodestar.

## **COUNT II**

### **(Unfair Competition Under the Lanham Act 15 U.S.C. § 1125)**

26. Lodestar repeats and realleges the allegations of paragraphs 1 through 25 of the Complaint as if fully set forth here.

27. The above-cited acts by Junkyard Brewery constitute unfair competition in violation of 15 U.S.C. § 1125.

28. Such unauthorized use of the Lodestar Route 66 Marks falsely suggest that the products and services presented by Junkyard Brewery are connected with, sponsored by, affiliated with, or related to Lodestar, and constitute a false designation of origin in violation of 15 U.S.C. § 1125(a).

29. Lodestar has been damaged by Junkyard Brewery's unfair competition by reason of the likelihood that customers, potential customers, businesses, retailers, and distributors are likely to be confused as to the source or affiliation, sponsorship or approval of Junkyard Brewery and/or Lodestar's products and services.

30. By reason of Junkyard Brewery's actions alleged herein, Lodestar has suffered irreparable injury to its goodwill.

31. On information and belief, Junkyard Brewery's acts of unfair competition have been willful and taken without regard to the established rights of Lodestar.

32. Lodestar has been, is now, and will be irreparably injured and damaged by the aforementioned acts, and unless enjoined by the Court, Lodestar will suffer further harm to its name, reputation and goodwill.  This harm constitutes an injury for which Lodestar has no adequate remedy at law.

## COUNT III

**(Trademark Dilution Under the New Mexico Trademark Act N.M.S.A 1978 § 57-3B-15)**

33. Lodestar realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 32 of this Complaint.

34. The Lodestar Route 66 Marks have been subject to extensive publicizing and marketing by Lodestar and are recognized within the State of New Mexico.

35. Based on information and belief, the Junkyard Brewery continues to trade on, misappropriate, and wrongfully reap the benefits of the goodwill and reputation that has attached to the Lodestar Rout 66 Marks through substantial expenditure of time, money and effort by Lodestar.

36. Based on information and belief, the use of the Junkyard Brewery infringing mark began long after the Lodestar Route 66 Marks were used in New Mexico.

37. Based on information and belief, Junkyard Brewery has continued to use the infringing mark after Lodestar notified Junkyard Brewery of Lodestar's ROUTE 66 Marks.

38. Such unauthorized and continued use of the Junkyard Brewery's infringing mark has and will continue to have, an adverse effect upon the value and distinctive quality of the Lodestar ROUTE 66 Marks.

## COUNT IV

**(New Mexico Common Law Trademark Infringement)**

39. Loadstar realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 38 of this Complaint.

40. Loadstar was the first to adopt and establish goodwill in the Lodestar ROUTE 66 Marks to signify its goods and services, and the promotion thereof. Lodestar has used and promoted the ROUTE 66 Marks in the State of New Mexico.

41. Junkyard Brewery's use of its infringing mark violates general principles of law and equity, and constitutes trademark infringement under the common law of the State of New Mexico.

42. Junkyard Brewery's acts and use of the infringing mark are likely to cause confusion, mistake and deception of consumers who are likely to believe that the Junkyard Brewery's mark is connected with, sponsored by, affiliated or associated with, or related to Lodestar's ROUTE 66 Marks or the goods or services of Lodestar and/or Lodestar licensees. Such acts and the continued acts of Junkyard Brewery constitute an attempt to unfairly trade on the goodwill associated with the ROUTE 66 Marks.

43. As a result of the acts complained herein, Junkyard Brewery has unfairly competed with Lodestar and has infringed the Lodestar ROUTE 66 Marks, and with full knowledge and in disregard of Lodestar's rights and in spite of explicit warnings, Junkyard Brewery has continued its infringement in willful and wanton disregard of Lodestar's valuable rights in Lodestar's ROUTE 66 Marks.

**PRAYER FOR RELIEF**

WHEREFORE, Lodestar prays for:

1. A permanent injunction restraining Junkyard Brewery, its officers, directors, agents, employees, representatives, organizer(s) and all persons acting in concert with Junkyard Brewery, from engaging in any further trademark infringement and unfair competition;

2. A monetary award for corrective advertising in an amount to rectify all the harm and damages to Lodestar, including, but not limited to, the confusion caused by the willful actions of Junkyard Brewery;

3. Disgorgement of any profits Junkyard Brewery enjoyed as a result of the infringing use of its marks;

4. All damages sustained by Lodestar as a result of Junkyard Brewery's infringement and unlawful actions;

5. Treble damages under the Lanham Act as a result of Junkyard Brewery's willful trademark infringement;

6. Recovery of any gains, profits and advantages Junkyard Brewery has obtained as a result of Junkyard Brewery's unlawful actions;

7. An award to Lodestar of its costs in this action, including its reasonable attorneys' fees under at least 17 U.S.C. § 1117, and any other applicable authority including common law and unfair trade practices of New Mexico, and

8. Such other and further relief as the Court deems just and proper.

\* \* \*

Dated: January 13, 2017                     Respectfully submitted,

                                            LEWIS ROCA ROTHGERBER CHRISTIE LLP


                                            By    */s/ Jeffrey H. Albright*
                                                  Jeffrey H. Albright, *Pro Hac Vice Sponsor*
                                                  Bobbie Collins
                                                  201 3rd Street, N.W. Ste 1950
                                                  Albuquerque, NM 87102
                                                  Direct (505) 764-5435
                                                  JAlbright@lrrc.com
                                                  BCollins@lrrc.com

        Gary J. Nelson, *Pro Hac Vice pending*
        G. Warren Bleeker, *Pro Hac Vice pending*
        Drew Wilson, *Pro Hac Vice pending*
        655 North Central Avenue, Ste 2300
        Glendale, CA 91203-1445

Attorneys for Plaintiff
LODESTAR ANSTALT

# EXHIBIT A

# United States of America
## United States Patent and Trademark Office

# ROUTE 66

**Reg. No. 4,254,249**  LODESTAR ANSTALT (LIECHTENSTEIN CORPORATION)
LOVA CENTER P.O. BOX 1150
**Registered Dec. 4, 2012**  VADUZ, LIECHTENSTEIN 9490

**Int. Cl.: 32**  FOR: BEERS, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 8-31-2012; IN COMMERCE 8-31-2012.

**TRADEMARK**

**PRINCIPAL REGISTER**  THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 3,016,047 AND 3,401,675.

SN 77-707,623, FILED 4-6-2009.

RONALD AIKENS, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

# EXHIBIT B

# United States of America
## United States Patent and Trademark Office



Reg. No. 4,574,193
Registered July 29, 2014

Int. Cl.: 32

**TRADEMARK**
**PRINCIPAL REGISTER**

LODESTAR ANSTALT (LIECHTENSTEIN ANSTALT)
LOVA CENTER, P.O. BOX 1150
VADUZ, LIECHTENSTEIN FL-9490

FOR: BEERS, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 8-31-2012; IN COMMERCE 8-31-2012.

OWNER OF U.S. REG. NOS. 3,016,047 AND 3,401,675.

THE MARK CONSISTS OF THE STYLIZED WORDS "ROUTE 66" ON A HIGHWAY SHIELD SIGN WITH A STAR NEXT TO "66".

SER. NO. 85-477,867, FILED 11-21-2011.

HOWARD B. LEVINE, EXAMINING ATTORNEY



*Michelle K. Lee*
Deputy Director of the United States
Patent and Trademark Office

# EXHIBIT C

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,442,767**
**Registered Dec. 3, 2013**
**Int. Cl.: 32**

**TRADEMARK**

**PRINCIPAL REGISTER**

LODESTAR ANSTALT (LIECHTENSTEIN ANSTALT)
LOVA-CENTER
P.O. BOX 1150
VADUZ, LIECHTENSTEIN FL-9490

FOR: BEERS, NON-ALCOHOLIC BEERS, PREPARATIONS FOR MAKING BEERS, PREPARATIONS FOR MAKING NON-ALCOHOLIC BEERS; SOFT DRINKS, NAMELY, CARBONATED SOFT DRINKS, LOW CALORIE SOFT DRINKS, NON-CARBONATED SOFT DRINKS; ENERGY DRINKS; FRUIT FLAVOURED SOFT DRINKS; FRUIT BASED SOFT DRINKS; DRINKING WATER; FLAVOURED BOTTLED WATER; MINERAL AND CARBONATED WATERS, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

OWNER OF ERPN CMNTY TM OFC REG. NO. 11598778, DATED 7-3-2013, EXPIRES 2-22-2023.

OWNER OF U.S. REG. NOS. 3,401,675 AND 4,254,249.

THE MARK CONSISTS OF THE STYLIZED WORDS "ROUTE 66" ON A HIGHWAY SHIELD SIGN.

SER. NO. 85-859,535, FILED 2-25-2013.

RUSS HERMAN, EXAMINING ATTORNEY



Commissioner for Trademarks of the
United States Patent and Trademark Office

# EXHIBIT D

Int. Cl.: 32

Prior U.S. Cls.: 45, 46 and 48

**United States Patent and Trademark Office**

Reg. No. 3,401,675
Registered Mar. 25, 2008

## TRADEMARK
### PRINCIPAL REGISTER

### ROUTE 66 COOLED BY REFRIGERATION

LODESTAR ANSTALT (LIECHTENSTEIN CORPORATION)
LOVA CENTER
P.O. BOX 1150
VADUZ, LIECHTENSTEIN 9490

FOR: BEERS; NON-ALCOHOLIC BEERS; PREPARATIONS FOR MAKING BEERS AND NON-ALCOHOLIC BEERS, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

PRIORITY CLAIMED UNDER SEC. 44(D) ON LIECHTENSTEIN APPLICATION NO. 12454, FILED 2-20-2002, REG. NO. 12454, DATED 9-9-2002, EXPIRES 2-20-2012.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "COOLED BY REFRIGERATION", APART FROM THE MARK AS SHOWN.

SER. NO. 78-155,936, FILED 8-20-2002.

SUE LAWRENCE, EXAMINING ATTORNEY