IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LODESTAR ANSTALT,
a Liechenstein Corporation,

        Plaintiff,

v.                                                          CV 17-0062 JCH/WPL

ROUTE 66 JUNKYARD BREWERY LLC,
a New Mexico Limited Liability Company,
and HENRY LACKEY, an individual,

        Defendants.

## ORDER GRANTING IN PART
## MOTION TO COMPEL DISCOVERY

In this trademark infringement case, Lodestar Anstalt has filed a motion to deem certain requests for admissions it sent to Route 66 Junkyard Brewery LLC admitted, or alternatively, to compel further answers to them from the Brewery. (Doc. 37.) The background facts to the motion are not disputed: Lodestar served the requests on April 7, 2017; the Brewery's responses were due by May 11, 2017; and the Brewery did not serve its responses until the next day, May 12, 2017. For this transgression, Lodestar first argues, with an apparently straight corporate face, that its requests for admission should be deemed admitted.

In support of its request, Lodestar cites Federal Rule of Civil Procedure 36(a)(3), which states that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Lodestar also cites several cases where unanswered requests for admission were deemed admitted by the court. *See Frane v. JP Morgan Chase Bank, N.A.*, 639 F. App'x 577 (10th Cir. 2016); *Sawyer v. USAA Ins. Co.*, 912 F. Supp. 2d

1118, 1122 n.2 (D.N.M. 2012); *DirecTV, Inc. v. Kramer*, 2004 WL 3426756, at *2 (D.N.M. May 26, 2004).

As even Lodestar recognizes, these cases are distinguishable because they involved situations where a party never filed an answer or objection to the request, in contrast to the current case where the Brewery filed its responses one day late. *Frane*, 639 F. App'x at 577; *Sawyer*, 912 F. Supp. 2d at 1124 n.5; *DirecTV*, 2004 WL 3426756, at *2. The failure to file a response timely does not require a court to automatically deem the requests admitted, and courts have considerable discretion to permit a longer time for a party to file a response. *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009). Under Rule 36(b), a court may permit withdrawal or amendment of an admission "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." By allowing the withdrawal or amendment of an admission, Rule 36(b) "emphasizes the importance of having the action resolved on the merits." FED. R. CIV. P. 36(b) advisory committee's note to 1970 amendment. Lodestar has not even attempted to argue that it would be prejudiced if I allow the late answers to the requests. As another circuit has observed, to allow these matters to be automatically admitted "due to the inadvertence of the defendant which is at most excusable neglect" would be "manifestly unfair and grossly unjust." *See Smith v. First Nat'l Bank of Atlanta*, 837 F.2d 1575, 1577 (11th Cir. 1988) (quotation omitted). I decline Lodestar's request that the requests for admissions be deemed admitted.

Lodestar's alternative request is that I compel the Brewery to properly answer request nos. 12 – 26 because the Brewery's objections to them are baseless. When the Brewery responded to Lodestar's motion, it included amended answers and objections to the requests.

(Doc. 39 Ex. 2). The Brewery has now admitted request nos. 12, 17 and 22, so the motion to compel as to these requests is moot. The Brewery has denied request nos. 13, 14, 15, 18, 19, 23, 24, 25 and 26, and objects to request nos. 16, 20 and 21 on the grounds that they call for a legal conclusion and that it is too early in discovery to respond to them.

I will overrule the Brewery's objections to request nos. 16, 20 and 21. Requests for admission may require a party to admit the truth of any matters relating to "facts, the application of law to fact, or opinions about either." FED. R. CIV. P. 36(a)(1)(A). Further, a party may only assert that it lacks knowledge or information as a reason for failing to admit a request when the party states that it has made a reasonable inquiry of information known or readily obtainable by the party and that information is insufficient to enable it to admit or deny the request. FED. R. CIV. P. 36(a)(4). The Brewery has not claimed that it made such a reasonable inquiry, and "a response that does not set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter[] may be deemed an admission." *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981). However, when the responding party ultimately admits or denies a request for admission, the matter should not "be deemed admitted solely because defendants initially improperly responded to them." *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 255 (C.D. Cal. 2006). The Brewery must respond to these requests as required by Rule 36.

It is not clear if Lodestar bothered to fully read the Brewery's Response before it filed its Reply. Although it recognizes that the Brewery admitted request nos. 12, 17 and 22 in its amended response, Lodestar claims that the Brewery has continued to assert objections to request nos. 13, 14, 15, 18, 19, 23 and 24, objecting that the requests call for a legal conclusion and are too early in discovery to admit. (Doc. 40 at 1, 4-6.) This claim is simply wrong. An examination

of the amended answers discloses that the Brewery has denied request nos. 13, 14, 15, 18, 19, 23 and 24 and has not asserted any objections to them.

To the extent that Lodestar is asking me to investigate the basis for the Brewery's denial of the requests for admission, it cites no authority to support this request. A party may properly respond to a request for admission with a denial without explaining the basis for the denial. FED. R. CIV. P. 36(a); *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 967-68 (3d Cir. 1988). Rule 37(c)(2) allows a party to challenge the factual accuracy of a response to a RFA. Rule 37(c)(2) provides that if a party fails to admit the truth of a matter under Rule 36, and the requesting party later proves the matter to be true, the requesting party may move after trial to recover the reasonable expenses, including attorney's fees, incurred in making the proof. It is well-established that a party may not request, under Rule 36, that the court determine pretrial the accuracy of a denial of a request for admission, and that Rule 37(c)(2) provides, in a post-judgment motion for sanctions, the sole avenue to assess the substantive accuracy of a denial of a request for admission. *U.S. v. Operation Rescue Nat'l*, 111 F. Supp. 2d 948, 967-68 (S.D. Ohio 1999); 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2290 (3d ed. 2002).

Lodestar's motion to deem the request for admissions admitted is denied; Lodestar's motion as to request nos. 12, 17, and 22 is moot; the Brewery shall file amended responses to request nos. 16, 20 and 21 by August 4, 2017; and Lodestar's motion to compel further responses to request nos. 13, 14, 15, 18, 19, 23 and 24 is denied.

IT IS SO ORDERED.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge