IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LODESTAR ANSTALT,
a Liechtenstein Corporation,

      Plaintiff,

v.                                                           CIV 17-0062 JCH/JHR

ROUTE 66 JUNKYARD BREWERY,
a New Mexico Limited Liability Company,
and HENRY LACKEY, an Individual,

      Defendants.

# **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Henry Lackey's et al. Motion to Reopen Discovery (*Doc. 67*), filed December 20, 2017. Having reviewed the parties' briefs and all pertinent authority, the Court will deny the Motion.

**I.    BACKGROUND**

U.S. Route 66, also known as the "Main Street of America" or the "Mother Road," is one of the most famous and iconic highways in the United States. *See, e.g.*, https://en.wikipedia.org/wiki/U.S._Route_66. Seizing upon U.S. Route 66's popularity, Plaintiff registered a series of trademarks with the United States Patent and Trademark office related to the sale of beers, among other beverages, under what it calls its "Route 66 Marks." *See Doc. 17* (Amended Complaint) at 3-4. These trademarks have registration dates ranging from 2008-2012. *Id.* Under these marks, Plaintiff manufactures and distributes an India pale ale/lager blend of beer. *Id.* at 4. Plaintiff contends that Defendant Lackey began infringing on the use of the Route 66 Marks when he opened Defendant "Route 66 Junkyard Brewery" in 2016 and began serving craft beer, including an India pale ale, under a similar mark. *Id.* at 4. Claiming that these acts

1

constitute trademark infringement and unfair competition under the Lanham Act, Plaintiff seeks a permanent injunction against Defendants as well as damages including the disgorgement of profits Defendants enjoyed as a result of the use of the Marks. *Id.* at 5-7.

Some brief background on the Lanham Act provides context to the parties' current dispute. The central inquiry under the Lanham Act is "whether the junior user's mark is likely to cause confusion with the senior user's mark." *Hornady Mfg. Co., Inc. v. Doubletap, Inc.*, 746 F.3d 995, 1001 (10th Cir. 2014) (quoting *Water Pik, Inc. v. Med-Systems, Inc.*, 726 F.3d 1136, 1143 (10th Cir. 2013)). Likelihood of confusion is ordinarily a question of fact, but the Tenth Circuit has approved summary judgment on the issue "in appropriate circumstances." *Id.* Six nonexhaustive factors guide the likelihood of confusion analysis:

> (1) the degree of similarity between the competing marks; (2) the intent of the alleged infringer in adopting the contested mark; (3) evidence of actual confusion; (4) the similarity of the parties' products and the manner in which the parties market them; (5) the degree of care that consumers are likely to exercise in purchasing the parties' products; and (6) the strength of the contesting mark.

*Id.* "At all times 'the key inquiry is whether the consumer is likely to be deceived or confused by the similarity of the marks.'" *Id.* (quoting *Team Tiers Plus, Ltd. v. Tires Plus, Inc.*, 394 F.3d 931, 833 (10th Cir. 2005)).

Discovery closed on October 16, 2017, and the parties were directed to submit dispositive motions by October 30, 2017. *Doc. 27*. Plaintiff filed a Motion for Partial Summary Judgment well in advance of this deadline, on September 19, 2017. *Doc. 47*. In its Motion, Plaintiff asserted (among other things) that "Lodestar currently offers for sale and sells beer in New Mexico under the ROUTE 66 mark through a distributor, Admiral." *Id.* at 3; *see also Doc. 49* at 10 (Affidavit of Andre Levy, Plaintiff's trademark advisor). Defendants did not dispute this fact in their Response. *See Doc. 52*. Instead, Defendants filed their own Motion for Summary

Judgment on October 23, 2017. *Doc. 56*. In it, Defendants argued that "[t]he uncontroverted facts show that Defendants are entitled to summary judgment because there is no likelihood of confusion between Lodestar's 'Route 66 marks' and Defendant's logo[.]" *Id.* at 1. Plaintiff filed a Response to Defendants' Motion on November 6, 2017, reiterating the fact that "Lodestar currently offers for sale and sells beer in New Mexico under the ROUTE 66 mark through a distributor, Admiral." *Doc. 58* at 3 (again relying on the Affidavit of Mr. Levy).

Defendants' Reply finally addressed this fact, asserting that it is "not true." *Doc. 61* at 2. In support, Defendants attached the affidavit of Kevin Lente, who works for Admiral Beverage Distributors as a Craft Brand Manager. *See Doc. 61-1* at 2. In his affidavit, Mr. Lente stated that Admiral started selling Plaintiff's Route 66 beer in July, 2017, but that it did not perform well and Admiral did not order more. *Id.* Defendants thus argue that there can be no likelihood of confusion because Plaintiff does not sell beer in New Mexico (or, in fact, the United States). *Doc. 61* at 3. Plaintiff, however, filed a surreply contesting the "major factual premise of Defendants' reply brief, that Route 66 beer is no longer sold in the United States[,]" by attaching the affidavit of Greg Brown, Mr. Lente's superior at Admiral, and a new affidavit authored by Mr. Levy. *See Doc. 65* at 1; *Docs. 65-1*, *65-2*. In *his* affidavit, Mr. Brown states that "Mr. Lente did not have authority to make the statements contained in his … affidavit submitted to this Court, and Mr. Lente was not making statements on behalf of Admiral." *Doc. 65-1* at 1. Mr. Levy further clarifies that "[t]o date, Admiral has distributed Lodestar's Route 66 beer to at least three locations in Albuquerque, all of which currently offer the product for sale." *Doc. 65-2* at 1. Mr. Levy further avers that "Route 66 remains available for sale outside of New Mexico. For example, I understand that it is for retail sale at the Minhas Brewery in Monroe, Wisconsin where it is brewed." *Id.* at 2.

3

Defendants now move the Court to reopen discovery to permit them to take the depositions of Messrs. Lente and Brown, and to re-depose Mr. Levy. *Doc. 67* at 3. Defendants argue that there are two material factual disputes that can be resolved by these depositions: (1) whether the "Route 66 Marks" have weak commercial strength; and (2) whether consumers come across Plaintiff's and Defendants' products in the same market. *Doc. 67* at 2. Prior to Plaintiff's submission of the affidavit of Mr. Brown, "Defendants planned to use Mr. Lente at trial to rebut Plaintiff's claims that the beers were in the same market and any claims that 'Route 66 beer' was doing well in the New Mexico market and that the marks were commercially strong." *Doc. 69* at 4. Thus, now that Mr. Brown has contradicted Mr. Lente, they seek to depose both. *See id.* However, neither was identified by the parties as potential witnesses in this case. As to Mr. Levy, Defendants assert that it is necessary to re-depose him because he "testified that all of the beer produced between April 2016 and February 2017 was for export and none for sale in the USA." *Doc. 69* at 2. Thus, Defendants contend that Mr. Levy's affidavit, which states that Plaintiff's Route 66 beer is available for retail sale in Monroe, Wisconsin at the Minhas brewery, contradicts his former testimony. *Id.* at 3.

In its response, Plaintiff argues that Defendants have "failed to meet their high burden to show good cause to modify the scheduling order and re-open discovery." *Doc. 68* at 1. Plaintiff points out that "Mr. Levy testified that '[t]here are sales now' of Route 66 beer in New Mexico. He further testified that Route 66 beer was currently being distributed in New Mexico through 'Admiral and then on to Jubilation and obviously to other Admiral customers as well.'" *Doc. 68* at 2. Plaintiff also notes that "Mr. Levy also previously testified that Route 66 beer is brewed by Minhas Brewery, owned by Rhinelander, and that Lodestar 'contract[s] the production of the beer and the sale of the beer to Rhinelander.'" *Id.* Plaintiff argues that Defendants "asked no

4

follow-up questions regarding Minhas Brewery's sale of Route 66 beer," and did not follow up with the brewery via third party discovery. *Id.* Thus, Plaintiff does not argue that the information gleaned from these depositions would be irrelevant, but instead, posits that Defendants had plenty of time and notice to conduct discovery as to Admiral, and could have asked follow-up questions of Mr. Levy at his original deposition. *See Doc. 68* at 5-6. In the event that Defendants' Motion is denied, Plaintiff seeks costs and fees associated with responding to it under Rule 37 and 28 U.S.C. § 1927. *Doc. 68* at 6-9.

## II.　LEGAL STANDARD

"A court may modify a scheduling order upon a showing of 'good cause.'" *Trujillo v. Romero*, CIV 14-0370 MV/KK, 2015 WL 13662725 at *2 (D. N.M. 2015) (citing Fed. R. Civ. P. 16(b)(4); D.N.M.LR-Civ. 16.1). Ultimately, whether to reopen discovery is within this Court's "wide" discretion. *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990) (citation omitted). In *Smith v. United States*, 834 F.2d 166, 170 (10th Cir. 1987), the Tenth Circuit "identified several relevant factors" to be applied by a Court when exercising this discretion:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

*Id.* at 169. There is a difference between a parties' generic request to reopen discovery and a request to postpone summary judgment to permit discovery under Rule 56(d). *See Handy v. City of Sheridan*, 638 F. App'x 728 (10th Cir. 2016) ("Mr. Handy's motions were not directed at forestalling summary judgment under Rule 56(d), and they never addressed the overarching issue under that rule: how would the facts anticipated from discovery meet the grounds advanced by the defendants for summary judgment?"). Defendants do not cite Rule 56(d) in their Motion, nor

5

do they provide an affidavit as required by it. *See* Fed. R. Civ. P. 56(d). Therefore, the Court considers this Motion only insofar as it is a request to reopen discovery, and not as a request to preclude summary judgment by District Judge Herrera.

### III. ANALYSIS

First, trial may not be "imminent," but it is looming. *See Buffalo Hogan, Inc. v. Greene*, CIV 16-0420 PJK/KBM, 2017 WL 3635317 at *2 (D.N.M. 2017). The call of the calendar is set for May 3, 2018 and Jury Selection/Trial is set for May 14, 2018. This leaves approximately two months for the parties to coordinate, set and take the three depositions. Accordingly, this factor weighs slightly against reopening discovery.

Second, not only is the request opposed, Plaintiff has sought fees and costs associated with responding to it under Rule 37 and 28 U.S.C. Section 1927. *Doc. 68* at 6-7. Thus, this factor weighs against reopening discovery.

Third, Plaintiff asserts prejudice "in terms of cost of travel and preparation for additional depositions well after the discovery cutoff." *Doc. 68* at 5. Litigation is inherently expensive. *See Buffalo*, 2017 WL 3635317 at *2. However, discovery, including depositions, are necessary and proper under the Rules of Civil Procedure, which this Court must employ "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. To the extent that the depositions at issue will clarify the factual and legal disputes in this case, they are aimed at the pursuit of justice. On the other hand, Plaintiff is entitled to an expedient and inexpensive resolution of its claim. Therefore, the third factor is neutral.

Fourth, Plaintiff asserts that Defendants were not diligent in obtaining discovery within the guidelines established in the scheduling order. As to Mr. Levy, Plaintiff's point is well taken. Mr. Levy was deposed on July 19, 2017, and Defendants have not demonstrated why they failed

to follow up with him in the three remaining months of discovery. Nor have Defendants shown that the Court should permit him to be re-deposed on the basis of his affidavit in support of Plaintiff's surreply. In fact, attached to Defendants' present Motion is the portion of Mr. Levy's deposition where he testified that there are currently Route 66 beer sales in New Mexico, through Admiral. *Doc. 67-1* at 3. This factor also weighs against permitting Defendants to depose Messrs. Lente and Brown as to Admiral's sales of the Route 66 beer. Defendants assert that they maintained contact with Mr. Lente throughout the course of discovery to "monitor the performance of Plaintiff's 'Route 66 beer'" but never deposed him or disclosed him as a witness. *Doc. 67* at 2; *Doc. 69* at 3. It is unsurprising, then, that when they introduced his affidavit in their Reply brief at summary judgment that Plaintiff deemed it necessary to obtain an affidavit from his superior, Mr. Brown. Ultimately, this factor favors Plaintiff.

The fifth factor also favors Plaintiff. Defendants identified a "corporate representative" for Admiral on their initial disclosures as a witness who "will testify regarding marketing and distribution of Route 66 beer." *Doc. 68-2* at 3. As such, the testimony of Messrs. Lente and Brown were foreseeable. So too was Mr. Levy's testimony regarding the sale of Route 66 beer by the Minhas brewery, as he touched briefly upon that topic during his deposition. *See Doc.67-1* at 4.

Finally, the Court must consider whether these depositions will lead to relevant evidence. Unquestionably, they will, and Plaintiff does not argue otherwise. *See* Fed. R. Evid. 401. However, Plaintiff asserts that "Defendants fail to identify any ***new*** relevant evidence they seek." *Doc. 68* at 6 (emphasis in original). That distinction appears irrelevant, however, as the fifth factor analyzed the foreseeability of the discovery at issue. Thus, the final factor favors Defendants. *See Standard v. Union Pacific R. Co.*, 198 F.3d 258 (10th Cir. 1999) (unpublished).

7

In sum, on balance, four of the six factors counsel in favor of denying Defendants' Motion to reopen discovery, one factor is neutral, and one factor weighs in favors of reopening discovery. Defendants have not demonstrated good cause to modify the scheduling order, nor have they demonstrated diligence in pursuing foreseeable discovery during the time allotted. Finally, trial in this case is a mere two months away, and the parties have both fully briefed their Motions for Summary Judgment. As such, the Court will exercise its discretion to deny Defendants' Motion.

However, this does not end the matter, as Plaintiff has requested its fees associated with responding to Defendants' Motion under Rule 37 and 28 U.S.C. § 1927. The Court will not impose fees as a sanction in this case for a number of reasons. First, Plaintiff has not convinced the Court that it would be appropriate to levy sanctions under Rule 37 in this specific circumstance, as Rule 37 discusses only motions to compel and motions seeking protective orders, not motions seeking to reopen discovery. *See generally* Fed. R. Civ. P. 37. More importantly, the Court has discretion to deny sanctions under Rule 37 where the opposing party's action was "substantially justified" or "other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P. 37(a)(5)(A). Here, Defendants' position was substantially justified, as the depositions they sought were aimed at relevant evidence.

Finally, Section 1927 sanctions are not appropriate here. That provision provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "Section 1927 'targets the vexatious and unreasonable multiplication of proceedings.'" *Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1201 (10th Cir. 2008) (quoting *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1222 (10th Cir. 2006)). "[A]ny conduct that,

'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court,' is sanctionable." *Hamilton*, 519 F.3d at 1202 (quoting *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir.1987) (en banc)). Here, Plaintiff has failed to establish that Defendants' counsel acted either intentionally or with reckless disregard of his duties to the court by merely seeking to reopen discovery to clarify a contested issue of fact. As such, the Court will not award sanctions under Section 1927.

## IV. CONCLUSION

For the foregoing reasons, Defendant Henry Lackey's et al. Motion to Reopen Discovery (*Doc. 67*) is hereby denied.

IT IS SO ORDERED.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE