# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LODESTAR ANSTALT,
a Liechtenstein Corporation,

    Plaintiff,

v.                                                          No. 1:17-cv-00062-JCH-JHR

ROUTE 66 JUNKYARD BREWERY LLC,
a New Mexico Limited Liability Company,
and HENRY LACKEY, an individual,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Continue the Trial Date [ECF No. 89, filed on 2/8/2019] and Defendants' Motion to Strike Untimely Disclosed Experts [ECF No. 94, filed on 3/4/2019]. These motions present the question of whether Plaintiff's disclosure of two expert witnesses 90-days before trial was timely and whether the Court should grant Plaintiff's motion to continue trial from May 20, 2019 to a date in July 2019. The Court rules as described herein.

**I.  BACKGROUND**

In this trademark infringement case, the Court entered a standard scheduling order on April 17, 2017. *See* Order Setting Pretrial Deadlines and Adopting Joint Status Report, ECF No. 27 ("Order"). The section of the Scheduling Order governing timing of disclosure of expert testimony stated: "[a]ll expert witnesses must be disclosed by the parties, even if the expert is not required to submit an expert report," and that "as to issues for which a party bears the burden of proof, that party shall identify in writing any expert witnesses to be used by the party at trial and provide expert reports … no later than **July 17, 2017**." *Id*. at 2 (emphasis in original.). Discovery closed

on October 16, 2017, *see id.* at 1, and the Scheduling Order and its accompanying deadlines have not been modified. On February 23, 2018 the Court entered a Pretrial Order. *See* Pretrial Order, ECF No. 72. In that order, neither party identified expert witnesses for trial.

On January 1, 2019, the Court reset trial to its current date, May 20, 2019. The Court attached its standard Pretrial Deadlines. *See* Pretrial Deadlines, Dkt. 87-1. Fifteen-days later, the Court issued its Memorandum Opinion and Order denying the parties' cross-motions for summary judgment. *See* Mem. Op. and Order, ECF No. 88. A few weeks later, on February 8, 2019, Plaintiff moved to continue the May 20th trial date. In that motion, Plaintiff stated that its lead counsel, Mr. G. Warren Bleeker, is set to attend a summary judgment hearing on behalf of Plaintiff in federal district court in Los Angeles on May 20th; that he is trying a separate case in California state court set for May 7, 2019 and with an approaching status conference on April 24, 2019; and that he has an international trip planned from May 31 – June 14, 2019. *See* Pl.'s Mot. to Continue at 2. Plaintiff represented that Mr. Bleeker is the most knowledgeable attorney to try this case since he has overseen the litigation, taken and defended depositions, appeared for mediation, and intends to try the case. *See id.* at 5. Plaintiff requested a trial continuance from May 20, 2019 to July 22 or 29, 2019. *See id.* at 1. Defendants filed no response brief to Plaintiff's motion to continue; however, Plaintiff informs the Court that it sought Defendants' position on the motion pursuant to D.N.M.LR-Civ. 7.1(a), and that Defendants oppose the motion. *See id.*

Despite the Court's July 17, 2017, expert disclosure deadline mentioned above, Plaintiff, on February 19, 2019 – exactly 90-days before the May 20, 2019 trial setting, but 19 months after July 17, 2017 – disclosed reports from two of Plaintiff's experts. *See* ECF Nos. 90 and 91 (certificates of services of expert reports.) Plaintiff tells the Court that it intends to introduce the testimony of its first expert, Brian M. Sowers, Principal at Applied Marketing Science, Inc., who

purportedly will testify about the results of a likelihood of confusion trademark survey that resulted in a net confusion rate of 24.8% of Plaintiff's marks and Defendants' logo. *See* Pl.'s Resp. Br., ECF No. 96 at 3. Plaintiff also intends to introduce the testimony of its second expert, John Seabrooks, Chief Brewing Officer at Honeymoon Brewery and Principal of Integrated Brewing Services. *See id*. Mr. Seabrooks' supposedly will testify that Plaintiff's beer is craft beer; that many beer consumers in New Mexico purchase and drink both craft and non-craft beers, and that craft beer drinkers would consider purchasing Plaintiff's beer. *See id*. at 4.

On March 3, 2019, Defendants moved to strike these two experts, arguing that their disclosures are 19 months late under the Scheduling Order and that the disclosures prejudice Defendants by forcing Defendants to reopen discovery, depose the experts, and designate rebuttal experts. Defendants therefore ask the Court to strike the experts and to maintain the May 20, 2019 trial setting.

## II. DISCUSSION

<u>Motion to Continue Trial</u>

The Court first addresses Plaintiff's motion to continue trial from May 20, 2019 to July 22 or 29, 2019. In analyzing Plaintiff's request, the Court considers the following relevant factors:

> the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm that appellant might suffer as a result of the district court's denial of the continuance....

*Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007).

As noted earlier, Plaintiff states that Mr. Bleeker has prior business and personal commitments that will conflict with the Court's May 20, 2019 trial setting, including a summary judgment hearing on May 20th, an approaching trial of another matter on May 7, 2019 and an

international trip planned from May 31 – June 14, 2019. Moreover, Plaintiff argues that Mr. Bleeker's attendance at trial, rather than that of a substitute attorney, weighs in favor of a continuance because of Mr. Bleeker's greater familiarity with the case. Even though they filed no responsive brief to Plaintiff's motion to continue, Defendants oppose the motion. In email correspondence between the parties, Defendants stated that they would not stipulate to an extension of the trial date because Defendant Henry Lackey is "ready to put this behind him." Pl.'s Mot. to Continue, Ex. B, ECF No. 89-2.

The Court denies Plaintiff's request for a continuance. Plaintiff's expressed need for the continuance is to allow Mr. Bleeker to fulfill his other commitments, especially his conflicting May 20th hearing on a motion for summary judgment in Los Angeles before the Honorable Christina A. Snyder, United States District Judge for the Central District of California. However, nothing in Mr. Bleeker's affidavit or Judge Snyder's order, both of which are in the record, indicate that Mr. Bleeker's attendance is essential or required at the hearing in Los Angeles, so the Court is unconvinced that another lawyer cannot attend in Mr. Bleeker's place. And with due respect to Judge Snyder, the current matter is not simply a hearing on a discrete motion, but a full-blown trial of a case that has been on this Court's docket for two years. Finally, the Court cannot perceive any harm whatsoever that Plaintiff might suffer without a continuance. Plaintiff has not stated that without more time it will be deprived of critical evidence, witnesses, or the like. *Cf. United States v. West*, 828 F.2d 1468, 1471 (10th Cir. 1987) (reversing district court for denying criminal defendant a one-day continuance to secure the presence at trial of the only eyewitness who might have presented directly exculpatory testimony.) Because Plaintiff's request for a continuance is predicated on Mr. Bleeker's business and personal commitments that do not warrant continuing trial, Plaintiff's motion to continue is denied.

Expert Disclosures

The Court's standard Pretrial Deadlines attached to its January 1, 2019 trial setting fixed the deadline for disclosure of expert reports "[i]n accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure." Pretrial Deadlines at 2. Turning to Rule 26(a)(2), titled "Disclosure of Expert Testimony," it states in relevant part,

> (A) *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> (B) *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony …

Fed. R. Civ. P. 26(a)(2)(A)-(B).

As for the timing strictures for disclosing expert testimony the rule provides that "[a] party must make these disclosures at the times and in the sequence that the court orders. *Absent a stipulation or a court order*, the disclosures must be made: [] at least 90 days before the date set for trial or for the case to be ready for trial[.]" Fed. R. Civ. P. 26(a)(2)(D)(i) (emphases added.)

Here, Plaintiff disclosed its experts 19 months late under the governing Scheduling Order. Plaintiff believes that its expert disclosures made 90-days before trial complied with the Court's Pretrial Deadlines, which in turn reference Rule 26(a)(2). However, Plaintiff's reading of the rule completely ignores the first sentence of 26(a)(2)(D) which states that, "[a] party must make these disclosures at the times and in the sequence that the court orders." Here, the Court's Scheduling Order specifically prescribed a time and sequence for disclosing expert witnesses and reports – namely, such disclosures had a July 17, 2017 deadline. The 90-day disclosure provision Plaintiff relies upon applies only "[a]bsent a … court order," which is plainly inapplicable here. Fed. R.

5

Civ. P. 26(a)(2)(D). Despite ample opportunity to amend the Scheduling Order, Plaintiff never did so.

Plaintiff believes that the Court's Pretrial Deadlines "reset" the expert disclosure deadline to the new May 20, 2019 trial date. Pl.'s Resp. Br. at 5. This is simply incorrect: the Court ordered a deadline of July 17, 2017, and that order controls. *See Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 894-895 (10th Cir. 2006) (upholding district court's exclusion of defendant's accident reconstruction expert as untimely disclosed under district court's local scheduling order, stating that "the district court's scheduling orders are dispositive" because "Rule 26 requires disclosure 90 days prior to the trial date *unless* otherwise directed by the court.") (emphasis in original). If each new trial resetting gave the parties new expert disclosure deadlines, as Plaintiff believes, then the Scheduling Order would be eviscerated, and gamesmanship encouraged. In no previous trial resetting did Plaintiff make those disclosures, and thus Plaintiff is late even under the terms of its own 90-day disclosure rule. Only *after* the Court entered its summary judgment ruling did Plaintiff disclose its experts. In sum, the Court ordered the parties to disclose experts and expert reports by July 17, 2017. Without ever amending the Scheduling Order and being completely unmindful of it, Plaintiff disclosed its experts 19 months late, and they are hereby struck. Because the Court finds that Plaintiff's experts' testimony must be excluded based on untimely disclosure, the Court does not analyze Plaintiff's remaining arguments concerning the admissibility of the witnesses' testimony.

However, one important caveat is in play. As the litigants are likely aware, this Court manages a massive federal criminal docket and sets criminal trials over civil ones. If this case's May 20, 2019 trial setting is continued due to the Court's criminal docket, then the Court would entertain a motion to modify the Scheduling Order for the limited purpose of adding experts as

witnesses, giving due weight to the factors relevant to modifying a scheduling order. *See e.g.* *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

**III. CONCLUSION**

**IT IS THEREFORE ORDERED that** the pending motions are disposed of as follows:

1. Plaintiff's Motion to Continue the Trial Date **[ECF No. 89]** is **DENIED**;

2. Defendants' Motion to Strike Untimely Disclosed Experts **[ECF No. 94]** is **GRANTED** unless the May 20, 2019 trial date is continued due to the Court's criminal docket.

**IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE