# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LODESTAR ANSTALT,
a Liechtenstein Corporation,

    Plaintiff,

v.                                  No. 1:17-cv-00062-JCH-JHR

ROUTE 66 JUNKYARD BREWERY LLC,
a New Mexico Limited Liability Company,
and HENRY LACKEY, an individual,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motion to modify the scheduling order to accommodate the Plaintiff's two new experts. The Court concludes that Plaintiff has shown good cause to modify the scheduling order and therefore grants the motion.

**I. Background**

Plaintiff brought an action under the Lanham Act, 15 U.S.C. § 1114 against Defendants for infringement of their federally registered trademarks and against Route 66 Junkyard Brewery LLC (the Brewery) for unfair competition under 15 U.S.C. § 1125. The Court entered a standard scheduling order on April 17, 2017. The section governing timing of disclosure of expert testimony stated: "[a]ll expert witnesses must be disclosed by the parties, even if the expert is not required to submit an expert report," and that "as to issues for which a party bears the burden of proof, that party shall identify in writing any expert witnesses to be used by the party at trial and provide expert reports … no later than July 17, 2017." In October 2017, discovery closed and dispositive

motions were due. Neither party disclosed or designated expert witness for trial and the parties' cross-motions for summary judgment relied on no expert statements.

Plaintiff tells the Court that it wishes to modify the scheduling order to introduce the testimony of two experts. Plaintiff first attempted to disclose these two witnesses on February 19, 2019, or days 90 days before the previous May 20, 2019 trial setting. The Court struck the experts because Plaintiff disclosed them 19 months late under the scheduling order, a flat violation of and show of disregard towards the Court's fixed deadlines. However, that strike was without prejudice. The Court explained that if the case's previous May 20, 2019 trial setting was continued due to the Court's criminal docket, then the Court would entertain a motion to modify the scheduling order for the limited purpose of adding experts as witnesses. That condition was met. So now Plaintiff moves amend the scheduling order for additional expert discovery.

Plaintiff requests to introduce the testimony of Brian M. Sowers, Principal at Applied Marketing Science, Inc., who purportedly will testify about the results of a likelihood of confusion trademark survey that resulted in a net confusion rate of 24.8% of Plaintiff's marks and Defendants' logo. Plaintiff also intends to introduce the testimony of its second expert, John Seabrooks, Chief Brewing Officer at Honeymoon Brewery and Principal of Integrated Brewing Services. Mr. Seabrooks' supposedly will testify that Plaintiff's beer is craft beer; that many beer consumers in New Mexico purchase and drink both craft and non-craft beers, and that craft beer drinkers would consider purchasing Plaintiff's beer.

In Plaintiff's view, Defendants never made apparent the need for expert testimony. Plaintiff says that only after the expert-disclosure deadline passed did Defendants rely on summary judgment evidence to support a "craft beer/non-craft beer" defense to Plaintiff's infringement claim. In an interrogatory asking Defendants to "specif[y] all factual bases" in support of their

non-infringement defense, for example, Defendants' entire response was to "See Defendant's Answer," and that "Route 66 and the shield are in the public domain for free use by anyone, especially businesses that are located on the highway." These facts are "irrelevant," Plaintiff says, and Defendants' Answer simply stated that Defendants "lack[ed] knowledge or information," concerning Plaintiff's infringement claim. Plaintiff also point out that in requests for admission Defendants admitted that they used the words "Route 66" to sell beer and to identify the Brewery and that Plaintiff's marks and Defendants' logo "have similarities." Plaintiff believed that these admissions were clear evidence of infringement because the evidence suggested that a consumer would wrongly associate Defendants' beer with Plaintiff's trademarks. Given Defendants' representations during discovery, Plaintiff says that it could not have foreseen or determined the need for expert testimony and therefore moves to modify the scheduling order.

Defendants oppose the motion, saying that it will prejudice them by having to reopen discovery, depose experts, and designate rebuttal experts.

## II. Standard of Review

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *accord* D.N.M.LR-Civ. 16.1 ("Modification of deadlines in the Court's scheduling orders … whether or not opposed, requires a showing of good cause and Court approval."). Courts "have identified several relevant factors in reviewing decisions concerning whether discovery should be reopened, including:"

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

3

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). "The central inquiry under Fed. R. Civ. P. 16(b)(4) is whether the requesting party was diligent in seeking the amendment." *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017).

### III. Discussion

On balance, the *Smith* factors weigh in Plaintiff's favor. On the one hand, the Court is not persuaded that Plaintiff could not foresee the need for expert testimony. A prominent trademark law treatise states that expert testimony is "quite proper" and "generally allowed on [the] factors," bearing on a trademark infringement claim. *See* 4 McCarthy on Trademarks and Unfair Competition § 23:2.75 (5th ed.). One of those factors under well-established Tenth Circuit law is "actual confusion in the marketplace." *Water Pik, Inc. v. Med-Sys., Inc.*, 726 F.3d 1136, 1144 (10th Cir. 2013). The Tenth Circuit has explained that evidentiary proof of actual confusion is "often introduced through the use of surveys." *Id.*[1] Only now – nearly two years after the close of discovery and roughly six months after an adverse grant of summary judgment on the infringement claim – does Plaintiff wish to have its expert testify about a survey he supervised. Plaintiff's contention that Defendants' representations during the pleadings and discovery phases made the need for expert testimony unforeseeable is not well-taken. Plaintiff's legal cause of action steers the proof it needs, not Defendants' representations. Finally, the Court understands that Defendants will incur costs and that the proceedings will be delayed if discovery is reopened. Plaintiff argues that the taking of expert depositions does not require reopening fact discovery. However, Plaintiff downplays the fact that accommodating its experts will presumably involve Defendants deposing those experts, reviewing their reports, and designating rebuttal experts.

---

[1] The Tenth Circuit noted, however, the "evidentiary value [of such surveys] depends on the methodology and questions asked," and the district court is expected to perform a gatekeeping role in deciding whether to admit or exclude survey evidence. *Water Pik, Inc.*, 726 F.3d at 1144.

On the other hand, Plaintiff is correct that it was not required to retain an expert. Plaintiff is also correct that no trial date is currently set, which is a factor that carries significant weight. In the Tenth Circuit's decision in *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011), the court, after identifying factors it would use to decide if a district court properly denied "a party's motion for a new scheduling order to name a previously undisclosed witness," stated that "the single most important fact about the posture of [the plaintiff's] motion for a new scheduling order is that, at the time, it was made, there was no longer any impending trial date." The Tenth Circuit also explained that the "additional expense [the defendant] would incur to test the expert opinions of a newly named witness … alone is not the type of prejudice" that the factors contemplate. *Id.* at 1255. Finally, Plaintiff moved to modify the scheduling order following the Court's statement that it would entertain such a motion. All in all, good cause warrants modifying the scheduling order for the limited purpose of additional expert discovery. The Court refers this scheduling matter to the Honorable Jerry H. Ritter to reset appropriate deadlines.

**IT IS THEREFORE ORDERED that** Plaintiff's Motion to Modify the Scheduling Order **[ECF No. 110]** is **GRANTED**.

_____
Judith C. Herrera
United States District Court Judge