IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LODESTAR ANSTALT,
a Liechtenstein Corporation,

    Plaintiff,

v.                                            No. 1:17-cv-00062-JCH-JHR

ROUTE 66 JUNKYARD BREWERY LLC,
a New Mexico Limited Liability Company,
and HENRY LACKEY, an Individual,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Defendants move the Court to exercise its equitable powers to dismiss Plaintiff's complaint, saying that Plaintiff has "unclean hands" because it brews beer illegally. *See* Defs.' Mot., ECF No. 113. In its opposition brief, Plaintiff moved to recover attorney's fees spent responding to the motion, arguing that the filing is baseless. *See* Pl.'s Resp. Br., ECF No. 117. The Court, after carefully considering the parties' motions, briefs, and relevant law, concludes that both motions should be denied.[1]

**I.    Factual and Procedural Background**

Plaintiff Lodestar Anstalt owns trademarks of the phrase Route 66 and the iconic

---

[1] Defendants also request a show-cause hearing and court order compelling Plaintiff to demonstrate that it has a brewer's permits that allows it to lawfully brew beer. *See* Defs.' Mot. at 2. Defendants' request is denied as moot in light of the Court's denial of Defendants' motion to dismiss.

Furthermore, although Defendants did not file their motion under seal, they sealed their reply brief. A party wishing to seal judicial records must seek the Court's leave. *See United States v. Pickard*, 733 F.3d 1297, 1300 (10th Cir. 2013). Without an analysis from Defendants explaining the necessity of sealing records, the Court files this Memorandum Opinion and Order unsealed.

highway shield design to make and sell beer. Route 66 Junkyard Brewery LLC and its owner Henry Lackey ("Defendants") also use the phrase Route 66 and design logo to produce beer at a microbrewery in Grants, New Mexico. Plaintiff brought an action under the Lanham Act, 15 U.S.C. § 1114 against Defendants for infringement of their federally registered trademarks and against the Brewery for unfair competition under 15 U.S.C. § 1125.

In their answer, Defendants pleaded seven affirmative defenses, including a defense of unclean hands. *See* Defs.' Answer, ECF No. 29 at 4-5. Plaintiff moved for summary judgment on five of Defendants' affirmative defenses. On January 16, 2019, the Court granted summary judgment in Plaintiff's favor on each of the five affirmative defenses for which Plaintiff sought summary judgment, including Defendants' defense of unclean hands. *See* Mem. Op. and Order, ECF No. 88, at 34-35 ("Order").

On May 24, 2019, Defendants moved to dismiss Plaintiff's complaint, asserting the equitable doctrine of unclean hands. Defendants allege that Plaintiff's beer brewing operation is illegal because Plaintiff lacks the appropriate beer brewing permit from Wisconsin authorities. In support of their argument, Defendants attached an e-mail between Defendants' lawyer and Rick Uhlig, a Special Agent with Wisconsin's Department of Revenue. *See* Def.'s Ex. 2, ECF No. 113-1. In the e-mail, Mr. Uhlig wrote that his search of Wisconsin's Fermented Malt Beverage Permit Listing showed that neither Plaintiff nor its representative appeared as permit-holders for the years 2016 and 2017. *See id.* Defendants therefore believe that Plaintiff brews beer without a permit and then sells the illegal beer within New Mexico. Because unlicensed beer brewing can result in a fine or imprisonment under Wisconsin regulations, Defendants argue that Plaintiff's alleged misconduct should prevent Plaintiff from bringing this lawsuit.

After analyzing Defendants' unclean hands argument, the Court will turn to Plaintiff's request for attorney's fees.

**II. Discussion**

**A. Defendants' Motion to Dismiss**

"[H]e who comes into equity must come with clean hands." *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945). "This maxim is far more than a mere banality. It is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." *Id.* In the context of trademark law, the Court of Appeals for the Tenth Circuit has stated that "a plaintiff's unclean hands will bar recovery for trademark infringement only if the inequitable conduct is related to the plaintiff's cause of action." *1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1255 (10th Cir. 2013) (internal quotations and citations omitted). The Tenth Circuit recognizes two types of inequitable conduct covered by the unclean hands doctrine: (1) "inequitable conduct toward the public, such as deception in or misuse of the trademark itself, resulting in harm to the public such that it would be wrong for a court of equity to reward the plaintiff's conduct by granting relief," and (2) "when the plaintiff has acted inequitably toward the defendant in relation to the trademark." *Worthington v. Anderson,* 386 F.3d 1314, 1321 (10th Cir.2004).[2] In trademark cases "[t]he burden of proof [to establish a plaintiff's unclean hands] falls on the party asserting the defense." *Dress for Success Worldwide v. Dress 4 Success*, 589 F. Supp. 2d 351, 364 (S.D.N.Y. 2008) (citing *Gidatex, S.r.L. v. Campaniello Imports,*

---

[2] The Tenth Circuit's decision in *Worthington* clearly spells out the nature of the unclean hands defense asserted in the context of a trademark infringement case. Despite this, Defendants failed to cite *Worthington* or any other binding authority in support of their defense.

*Ltd.*, 82 F. Supp. 2d 126, 130 (S.D.N.Y. 1999) ("The defendant who invokes the doctrine of unclean hands has the burden of proof.")).

Here, Defendants' theory that Plaintiff has unclean hands because it brews and sells "illegal" beer fails for four reasons. First, the Court has already awarded summary judgment to Plaintiff on this exact affirmative defense. In its summary judgment motion, Plaintiff pointed out a lack of evidence to support Defendants' unclean hands defense. In response, Defendants failed completely to identify any specific facts to create a genuine issue of material fact as required by Fed. R. Civ. P. 56(c)(1)(A)-(B). Accordingly, the Court entered summary judgment in Plaintiff's favor, and cited as support the applicable standard that "if the nonmovant bears the burden of persuasion on a claim at trial, summary judgment may be warranted if the movant points out a lack of evidence to support an essential element of that claim and the nonmovant cannot identify specific facts that would create a genuine issue." Order at 16 (citing *Water Pik, Inc. v. Med-Systems, Inc.*, 726 F.3d 1136, 1143-44 (10th Cir. 2013)). Defendants now belatedly raise the unclean hands defense despite an adverse grant of summary judgment. "A district court may revisit [interlocutory] decisions but with the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again. Thus generally, there is a strong presumption against amendment of prior orders … unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Bergerson v. New York State Office of Mental Health, Cent. New York Psychiatric Ctr.*, 652 F.3d 277, 288–89 (2d Cir. 2011) (citation and quotation marks omitted). Defendants have not argued that any of these three conditions exist and therefore the Court does amend its prior summary judgment order.

Second, even if Defendants could raise this equitable defense at this point in the litigation, the defense fails on the merits because Defendants have not shown that Plaintiff's hands are "unclean." Defendants identify no "inequitable conduct toward the public," on Plaintiff's part, "such as deception in or misuse of the trademark itself." *Worthington,* 386 F.3d at 1321. In *1-800 Contacts, Inc.,* 722 F.3d at 1255, the Tenth Circuit illustrated what counts as a "deceptive" or "misuse" of the mark by citing *Clinton E. Worden & Co. v. Cal. Fig Syrup Co.,* 187 U.S. 516 (1903). There, the United States Supreme Court refused to grant relief to the owner of "Syrup of Figs" trademark when the trademark itself misrepresented the product as containing fig juice. Here, nothing whatsoever suggests that Plaintiff's trademarks are deceptive or that Plaintiff's marks misrepresents its goods to the public. Defendants have failed to demonstrate the first type of inequitable conduct covered by the unclean hands defense.

Defendants likewise failed to demonstrate the second type of inequitable conduct that the defense covers – namely, that Plaintiff "acted inequitably toward the defendant in relation to the trademark." *Worthington,* 386 F.3d at 1321. In *Worthington,* for example, the Tenth Circuit applied the unclean hands doctrine because the plaintiffs interfered with the defendant's legal obligation to pay off a debt under an arbitral award granting ownership of the trademark to the plaintiffs. *Id.* at 1321-22. In reaching this conclusion, the Tenth Circuit cited with approval *Federal Folding Wall Corp. v. National Folding Wall Corp.,* 340 F. Supp. 141 (S.D.N.Y.1971), where the district court applied the unclean hands doctrine because "the plaintiff's own machinations had prevented the defendant from meeting the conditions of its licensing agreement and hence from preserving its own right to use the trademark." *Worthington*, 386 F.3d at 1321. Here, Defendants do not allege that Plaintiff engaged in any misleading conduct with respect to its ownership or use of its marks.

5

Defendants' unclean hands defense is that Plaintiff brews beer "illegally" because it lacks proper permits under Wisconsin law. But these allegations are unrelated to Plaintiff's use of its marks. *See 1-800 Contacts, Inc.*, 722 F.3d at 1255 (stressing that for the unclean hands defense to apply the plaintiff's misconduct towards the defendant must be "*in relation to the trademark.*") (emphases in original).

Third, Defendants' theory is further undermined by the fact that Defendants have long known that Plaintiff is a trademark holder but that it contracts with a third-party to brew its beer. During discovery, Plaintiff's witness testified at a deposition that third-party Rhinelander Brewing Company in Monroe, Wisconsin brews, bottles, and packages Plaintiff's Route 66 branded beer. As Plaintiff correctly points out, Plaintiff's name does not appear on Wisconsin's permit holder list because it does not brew beer, Rhinelander does.

Fourth, even assuming *arguendo* that Plaintiff failed to obtain a brewer's permit, that alone is insufficient to justify the unclean hands defense. At least one state court decision denied the defendant's unclean hands defense based on the plaintiff taxi cab company's failure to obtain a license to do business in certain Alabama cities. *See Powell v. Mobile Cab & Baggage Co.*, 263 Ala. 476 (1955). The failure to secure licenses was "a matter between [the company] and [the cities]" the court said, and "so unconnected with" the unfair competition lawsuit to justify the unclean hands defense. *Id*. at 479; 480-81. A prominent trademark law treatise has cited *Powell* as an example that a plaintiff's violation of a licensing requirement does not necessarily amount to unclean hands. *See* 6 McCarthy on Trademarks and Unfair Competition § 31:57 (5th ed.). For these four reasons, Defendants' motion to dismiss is denied.

**B. Plaintiff's Motion for Attorney's Fees and Costs**

In its response, Plaintiff moved for reimbursement of its costs and attorney's fees in responding to Defendants' motion, characterizing it as baseless. Plaintiff asks to Court to exercise

its power under 28 U.S.C. § 1927 which states that "[a]n attorney… who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys fees reasonable incurred because of such conduct." Plaintiff also asks the Court to use its "inherent power to impose a variety of sanctions to regulate its docket, promote judicial efficiency, and deter frivolous findings." *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 267 (10th Cir. 1995) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) (recognizing the inherent power of courts to sanction conduct abusive of the judicial process and rejecting arguments that statutory sanctioning powers displace this inherent power)).

Plaintiff cites *Bradley v. Campbell*, 832 F.2d 1504 (10th Cir. 1987) as an example of conduct appropriate for sanctions and to reward costs and fees. The Defendants' actions are distinguishable, however. In *Bradley*, the plaintiff's attorney acted in such a way as to "perplex and confound" the opposing party and the court itself. 823 F.2d 1504, 1508. The attorney had multiple, repeated confrontations with both the opposing party and the court. *Id.* The attorney also willfully refused to comply with orders from the court with regard to the lawsuit and his client. *Id.* at 1509. Finally, the attorney also personally attacked opponent's counsel in the briefing submitted to the court. *Id.* Here, Defendants' conduct does not rise to the same level of egregious conduct of the attorney in *Bradley*. Although Defendants submitted untimely, redundant briefing, and even made unsupported accusations that Plaintiff engaged in "criminal and illegal activity," the Court cannot say that Defendants pushed so far as to create a "unreasonable and vexatious" burden. As such, no fees will be awarded to Plaintiff under either 28 U.S.C. § 1927 or the Court's inherent power.

**IT IS THEREFORE ORDERED** that the Court **DENIES** Defendants' Motion to Dismiss Under the Unclean Hands Doctrine **(ECF No. 113)** and Plaintiff's motion for costs and attorney's fees under 28 U.S.C. § 1927 and the Court's inherent power **(ECF No. 117)**.

**IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE