IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LODESTAR ANSTALT,
a Liechtenstein Corporation,

       Plaintiff,

v.                                                                                                              CV 17-0062 JCH/JHR

ROUTE 66 JUNKYARD BREWERY,
A New Mexico Limited Liability Company,
and HENRY LACKEY, an Individual,

       Defendants.

# MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Modify Scheduling Order [Doc. 128], filed October 14, 2019, and fully briefed November 14, 2019. [*See* Doc. 131]. Having considered the briefing and consulted the docket, the Court **grants** Defendants' Motion.

**I)**    **BACKGROUND:**

At issue in this lawsuit is whether Defendants, Route 66 Junkyard Brewery and its owner Henry Lackey, are liable under the Lanham Act for infringing on Plaintiff Lodestar Anstalt's ("Lodestar's") "Route 66" trademarks, which it registered with the United States Patent and Trademark office for purpose of selling an IPA/lager blend of beer and other alcoholic beverages beginning in 2010. [*See* Doc. 17 (Amended Complaint) at 3-4]. Lodestar sued Defendants due to Defendants' decisions to do business under the name "Route 66 Junkyard Brewery" and serve craft beer, including an IPA, in Grants, New Mexico, in 2016. [*Id.* at 4].

This Court denied Defendants' first Motion to Reopen Discovery, which was filed on December 20, 2017, roughly six months before the parties' first trial setting. [*See* Doc. 67 (Motion); Doc. 73 (Memorandum Opinion and Order)]. As recited in that Order, discovery closed

1

on October 16, 2017, and, while Lodestar did not contest the relevance of the additional discovery Defendants sought, it opposed the Motion due to its untimeliness. [*Id.*, p. 2]. The Court determined that Defendants failed to show good cause to reopen discovery, because, although the discovery sought was relevant, (1) trial before presiding District Judge Herrera was looming (call of the calendar was set for May 14, 2018 when the Order was entered, which would have left approximately two months to complete discovery and prepare for trial); (2) the request to reopen discovery was opposed; and, (3) Defendants were not diligent in obtaining foreseeable discovery within the guidelines established by the Scheduling Order. [*See generally id.*, pp. 6-9].

Since the Court denied Defendants' initial motion, trial has been vacated and reset multiple times. [*See* Doc. 74 (filed April 11, 2018), 87 (filed January 1, 2019), Doc. 107 (filed April 25, 2019), Doc. 109 (filed May 1, 2019)]. Ultimately, Judge Herrera allowed additional expert discovery, and this Court entered a supplemental Scheduling Order addressing expert discovery on September 5, 2019. [Doc. 127]. Since then, trial has not been reset.

Defendants filed the instant Motion on October 14, 2019, seeking to reopen fact discovery due to evidence disclosed by Plaintiff on April 10, 2019. [*See generally* Doc. 128]. Specifically, Defendants seek to: (1) depose "some" of the 21 New Mexico retailers that purportedly sell Lodestar's beer, arguing that the depositions are relevant to the strength of the mark; (2) eliminate the confidential status of Lodestar's list of retailers so Defendants can share it with their experts; (3) depose the author of the list; (4) compel production of the brewing contracts between Lodestar and two breweries; and, (5) compel Lodestar to sit for a Rule 30(b)(6) deposition to discuss its failure to pursue a lawsuit against the "Stadium 66" sports bar at Route 66 Casino. [*Id.*, pp. 2-3]. In support of these requests, Defendants argue that there is no prejudice to Lodestar because the retailer list was produced on April 10, 2019, months after the expiration of the original discovery

deadline (and roughly a month after the Court denied Defendants' initial motion to reopen), the discovery is relevant, and there is no trial setting. [*Id.*, pp. 3-6].

In response, Lodestar argues that the Court should deny Defendants' Motion because reopening discovery is not necessary for Defendants to effectively cross-examine its experts. [Doc. 129, pp. 2-3]. Lodestar side-steps the fact that it did not produce the list of retailers until after discovery was closed, arguing instead that this Court's ruling that "discovery regarding the sale of Route 66 beer was foreseeable" forecloses reopening discovery to examine those retailers now. [*Id.*, p. 3]. Lodestar also points out that it has already publicly disclosed the retailer list, Defendants failed to obtain the brewing contracts before the initial discovery deadline, and there are no current enforcement efforts regarding "Stadium 66." [*Id.*, pp. 3-4]. Thus, Lodestar argues that the relevant factors weigh against reopening discovery because Defendants failed to depose the New Mexico *distributor* before the discovery deadline and because the sought discovery is not relevant to its experts' conclusions. [*Id.*, pp. 4-6]. However, Lodestar admits that there is no trial date, and that the prejudice it would suffer if discovery was reopened amounts to increased litigation costs. [*Id.*, pp. 5-6].

Defendants filed a Reply on November 12, 2019. [Doc. 130]. Recently, the parties jointly moved to extend the expert disclosure deadline from March 31, 2020 to June 30, 2020. [Doc. 137, p. 2]. The request was premised on the notion that the parties are working to complete a written settlement agreement and would need additional time to complete expert depositions if agreement ended up being unsuccessful. [*Id.*, p. 1]. This Court granted the parties' request on March 30, 2020. [Doc. 138].

## II)    LEGAL STANDARDS:

"A court may modify a scheduling order upon a showing of 'good cause.'" *Trujillo v. Romero*, CIV 14-0370 MV/KK, 2015 WL 13662725 at *2 (D.N.M. 2015) (citing Fed. R. Civ. P. 16(b)(4); D.N.M.LR-Civ. 16.1). Ultimately, whether to reopen discovery is within this Court's "wide" discretion. *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990) (citation omitted). In *Smith v. United States*, 834 F.2d 166, 170 (10th Cir. 1987), the Tenth Circuit "identified several relevant factors" to be applied by a Court when exercising this discretion:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

*Id.* at 169.

## III)    ISSUE:

Whether Defendants have demonstrated good cause under the *Smith* factors to reopen fact discovery where Lodestar produced its relevant list of retailers after the close of discovery and there is no current trial setting.

## IV)    ANALYSIS:

Cognizant of the fact that it has once denied Defendants the opportunity to reopen fact discovery, the Court carefully re-weighed the six *Smith* factors in light of the countervailing fact that there is no current trial setting in this case, and in accordance with its duty to ensure that justice is done by permitting litigants the opportunity to test the truth of their opponents' allegations through relevant discovery. Having done so, the Court notes:

First, there is no trial date.

Second, the request is opposed.

Third, the only "prejudice" Lodestar would suffer is increased litigation costs; however, as this Court previously ruled, "discovery, including depositions, are necessary and proper under the Rules of Civil Procedure, which this Court must employ 'to secure the just, speedy, and inexpensive determination of every action and proceeding.'" [Doc. 73, p. 6 (quoting Fed. R. Civ. P. 1)].

Fourth, while Defendants were not diligent in completing fact discovery under the initial deadline, the production of Lodestar's retailer list months after (1) discovery closed and (2) the Court denied Defendants' initial request to reopen discovery constitutes a change in circumstances favoring reopening discovery specific to the list.

Fifth, while the need for the additional fact discovery regarding suppliers and markets was generally foreseeable under the original deadline, Lodestar's production of its retailer list months later creates a new impetus for specific discovery to meet Lodestar's evidence.

Finally, the proposed discovery will lead to relevant evidence. *See* Fed. R. Evid. 401. While Lodestar suggests that Defendants can obtain the information they seek without reopening fact discovery (through third-party requests and interviews), it would be much easier for Defendants to do so if aided by formal tools like subpoenas, depositions and motions to compel under Federal Rule of Civil Procedure 37.

Thus, on balance, five of the six *Smith* factors favor granting Defendants' request to reopen fact discovery. Moreover, now that the expert deadline has been extended, and since this case may soon settle, there is no compelling reason to deny Defendants the discovery they seek, if they still wish to test Lodestar's allegations.

**V)  ORDER:**

Wherefore, for the foregoing reasons, Defendants' Motion to Modify Scheduling Order [Doc. 128] is **granted**. Fact discovery in this case is reopened, and will close August 30, 2020, unless a Motion for an extension is received by the Court.

SO ORDERED.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE